UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAULINA WISNIEWSKA, individually and on behalf of all others similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADMIRAL THEATRE, INC. d/b/a THE ADMIRAL THEATRE and SAM A. CECOLA,<br><br>Defendants. | CASE NO. |

**CLASS ACTION COMPLAINT**

### I. INTRODUCTION

1. Plaintiff Paulina Wisniewska brings this action on behalf of herself and other exotic dancers who have worked at Admiral Theatre, Inc. d/b/a The Admiral Theatre (the "Admiral"), an adult entertainment strip club located at 3940 West Lawrence Avenue, Chicago, Illinois, which is owned and managed by Mr. Sam Cecola. As described further below, the Admiral has misclassified its exotic dancers as independent contractors rather than as employees under federal and state law. Dancers are paid only by receiving tips from customers, which they are required to pay back in part to the club, as well as to share with other individuals who are not eligible to share in a tip pool.

2. Plaintiff brings this action on her own behalf, and on behalf of other Admiral dancers who may choose to opt-in to this case, for not paying minimum wage as required by the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.

and for taking a portion of the dancers' tips and allowing and requiring dancers to share their tips with individuals not eligible to share in a tip pool.

3. Plaintiff also brings this action on behalf of herself and a class of other similarly-situated Admiral exotic dancers, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for violating various provisions of Illinois state wage law including: (1) the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.* by failing to pay dancers the required state minimum wage; and (2) the Illinois Wage Payment and Collection Act ("IWPCA") 820 ILCS § 115/1, *et seq.* by taking deductions from dancers' pay and requiring dancers to share their tip earnings with other individuals.

## II. PARTIES

4. Plaintiff Paulina Wisniewska is an adult resident of Glendale Heights, Illinois. She began working at the Admiral in Chicago, Illinois as a waitress in 2012. She has worked exclusively as an exotic dancer at the Admiral since 2013.

5. Defendant Admiral Theatre, Inc. d/b/a The Admiral Theatre is an Illinois corporation with its principal place of business at 3940 West Lawrence Avenue in Chicago, Illinois.

6. Sam Cecola is an adult resident of Barrington, Illinois, and the registered owner of Defendant Admiral. Cecola directed and controlled the payment policies of the club and the rules with respect to the dancers.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

8. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' supplemental state law claims, which are brought pursuant to the laws of the State of Illinois, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendants are located within this judicial district and division, and the unlawful labor practices giving rise to Plaintiff's claims were committed within this judicial district.

## IV. **STATEMENT OF FACTS**

10. The Admiral has misclassified its exotic dancers as independent contractors, when in reality they are employees.

11. The Admiral has exercised extensive control over the manner in which its exotic dancers perform their jobs and conduct themselves while on the club's premises, including where to be on the premises and when, what they are allowed to wear, requiring certain outfits to coordinate with nightly themes the club chooses, how much they can receive for private dances and sessions, and how they can interact with customers. For example, dancers must dance on stage for at least two songs at a time; they must remove their top during the first ten to fifteen seconds of the first song and remove their bottom during the first ten to fifteen seconds of the second song; they are not allowed to carry a phone with them on the floor; and they must receive permission from management to leave the premises before the end of the night. The dancers have no control over the customer volume, advertising, or atmosphere at the club, which is controlled entirely by Defendants. Defendants require dancers to report to the stage and offer a floor dance and promotional branded T-shirts at least once during the night. On

certain nights, Defendants also require dancers to perform "mystery dances" and "two-for-one specials" for customers.

12. Defendants retain the power to hire and fire the exotic dancers and have disciplined or threatened to discipline dancers who do not comply with Defendants' requirements regarding the manner and means of their work. Specifically, Defendants charge a fine to dancers or send them home if they are caught chewing gum on the premises, and Defendants also charge a fine if dancers are late getting on stage at the required time.

13. At all relevant times, Admiral dancers have not held themselves out to be in business for themselves. Instead, the dancers are economically dependent on their relationship with Defendants for a substantial portion of their earnings.

14. In addition, the Admiral is in the business of providing adult entertainment to its patrons. Its website advertises "the Best All-Nude Gentlemen's Club in Chicagoland" and offers patrons "over 100 beautiful showgirl entertainers." Thus, the dancers clearly perform services in the usual course of Defendants' business, and without the dancers, the Admiral would have no business, such that the dancers' work is integral to Defendants' business.

15. At all times relevant to this Complaint, Defendants have treated Plaintiff and their other dancers in a substantially similar manner with respect to their policies and practices.

16. At all relevant times the federal minimum wage has been $7.25 per hour.

17. At all relevant times the minimum wage in Illinois has been $8.25 per hour.

18. On July 1, 2015, pursuant to the City of Chicago' Minimum Wage Ordinance, the minimum wage in Chicago increased to $10.00 per hour.

19. Defendants did not pay the exotic dancers who have worked at the Admiral the prevailing minimum wage.

20. The exotic dancers who have worked at the Admiral receive compensation only in the form of gratuities from patrons.

21. In order to perform their job, the dancers have been required to pay "house fees" to the Admiral in an amount between $40 and $180 for every shift.

22. The dancers have also been required to share their tips with managers and with non-service employees or agents of the Admiral, such as "house moms," disc jockeys, security, and makeup artists.

### V.     CLASS AND COLLECTIVE ALLEGATIONS

23. Plaintiff brings this action individually and as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all individuals who worked as an exotic dancer at the Admiral at any time between three years prior to the filing of this lawsuit and the entry of judgment in this case, who may choose to "opt-in" to join this lawsuit.

24. Plaintiff attaches as Exhibit A her Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

25. Plaintiff also brings this action individually and as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of all individuals who worked as exotic dancers at the Admiral at any time between ten years prior to the filing of this lawsuit and the entry of judgment in this case (with respect to the claims brought under the IWPCA) and between three years prior to filing this lawsuit and the entry of

judgment in this case (with respect to the claims brought under the IMWL).

26. This action on behalf of the Rule 23 class satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

   a. The proposed class is so numerous that joinder of all individual members in this action is impracticable;

   b. There are questions of law and/or fact common to the members of the proposed class regarding; (1) the Admiral's conduct in classifying exotic dancers as independent contractors; (2) failing to ensure they are paid at least minimum wage for their work, and (3) effectively making illegal deductions from their wages by uniformly requiring dancers to pay a portion of their tips to the Defendant and to managers and other non-service employees.

   c. The claims of Plaintiff Wisniewska are typical of the claims of the proposed class and she has the same interests as the other members of the class; and

   d. Plaintiff Wisniewska will fairly and adequately protect the interests of the class as she has retained able counsel experienced in class action litigation, and her interests are coincident with, and not antagonistic to, the interests of the other class members.

27. In addition, this action satisfies the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy because joinder of all class members is impractical. The class is readily

definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## COUNT I
### Failure to Pay Minimum Wage in Violation of the FLSA

28. Defendant Admiral Theatre, Inc. d/b/a The Admiral Theatre is an "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. §203(s), because it has annual gross sales or business of at least $500,000 and has employees engaged in interstate commerce as it is an enterprise whose employees engage in commerce, including entertainment as well as the sale of food and non-alcoholic beverages.

29. The individual Defendant Sam Cecola is also an "employer" under 29 U.S.C. § 203(d) because he has acted directly or indirectly in the interests of Defendant Admiral in relation to its employees, including Plaintiff and other exotic dancers who have worked at the Admiral in Chicago, Illinois.

30. Plaintiff and the members of the proposed class are employees of Defendants for purposes of the Fair Labor Standards Act during all times relevant to this Complaint. Defendants have failed to pay Plaintiff and the members of the proposed class an hourly rate of at least the federal minimum wage of $7.25 per hour as required by the FLSA, 29 U.S.C. § 206(a)(1)(C).

31. Further, Defendants are not permitted to take the tip credit against the minimum wage (and thus pay the reduced hourly rate for tipped employees of $2.13 per hour) because it did not provide the required notice to the dancers in order to take the tip credit and because the dancers have not been allowed to retain all tips they have

received, but instead have been required to share their tips with management and with other employees or agents of Defendants who are not among employees who customarily and regularly receive tips, and not pursuant to a valid tip pooling or sharing arrangement under applicable law.

32. Plaintiff and the members of the proposed class are entitled to back wages at the minimum wage rate of $7.25 per hour for every hour worked, pursuant to the FLSA, 29 U.S.C. § 216(b). The failure of Defendants to compensate Plaintiff and the members of the class at least minimum wage was knowing, willful, intentional, and done in bad faith. Defendants knew or should have known that Plaintiff and the other dancers, performing the same job functions, were being improperly misclassified as independent contractors given the wealth of case law that has concluded similarly-situated exotic dancers are employees of the clubs for which they work.

33. Plaintiff and the members of the proposed class are also entitled to liquidated damages equal to the amount of unpaid minimum wages due to them under the FLSA, pursuant to the FLSA, 29 U.S.C. § 216(b).

## COUNT II
### Failure to Pay Minimum Wage, 820 ILCS § 105/1, *et seq.*

34. At all times relevant herein, Plaintiff and the members of the proposed class were employed by Defendants as "employees" within the meaning of the IMWL, 820 Ill. Comp. Stat. 105/3(d).

35. At all relevant times, Defendants were "employers" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c).

36. Plaintiff and the members of the proposed class were not paid proper minimum wages under the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, during their employment with Defendants.

37. Pursuant to 820 Ill. Comp. Stat. 105/4, Plaintiff and the other members of the proposed class were entitled to be compensated at the applicable State minimum wage rate of $8.25 per hour for all hours worked.

38. Defendants' willful conduct in failing to ensure that its exotic dancers receive the Illinois state minimum wage constitutes a violation of 820 ILCS § 105/1, *et seq.* This claim is brought on behalf of all dancers who have worked at the Admiral in the last three years prior to the date of filing of this Complaint until the date of judgment in this action. See 820 §ILCS 105/12.

## COUNT III
### Failure to Pay Minimum Wage, Chicago Minimum Wage Ordinance

39. Plaintiff and the members of the proposed class were not paid proper minimum wages under the Chicago Minimum Wage Ordinance, during their employment with Defendants.

40. Pursuant to the Chicago Minimum Wage Ordinance, Plaintiff and the other members of the proposed class were entitled to be compensated at the minimum wage rate of $10.00 per hour for all hours worked.

41. Defendants' willful conduct in failing to ensure that its exotic dancers receive the Chicago minimum wage constitutes a violation of the Chicago Minimum Wage Ordinance. This claim is brought on behalf of all dancers who have worked at the Admiral at any time since July 1, 2015.

## COUNT IV
## Failure to Pay Wages and Illegal Deductions 820 ILCS § 115, *et seq.*

42.     At all relevant times, Plaintiff and the members of the proposed class were "employees" of Defendants as defined by the IWPCA.

43.     At all relevant times, Defendants were employers of Plaintiff and the members of the proposed class as defined by the IWPCA.

44.     Defendants have violated the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 *et seq.*, by misclassifying their exotic dancers as independent contractors, requiring them to pay fees in order to perform their jobs, and requiring them to make payments to other individuals (such as managers, "house moms," disc jockeys, security, and makeup artists). This claim is brought on behalf of all dancers who have worked at the Admiral in the last ten years prior to the date of filing of this Complaint until the date of judgment in this action. See 735 ILCS § 5/13–206.

WHEREFORE, Plaintiff requests that the Court enter the following relief:

a.     An order authorizing the sending of appropriate notice to current and former employees of Defendant Admiral Theatre who are potential members of the collective action under the Fair Labor Standards Act, giving them the opportunity to opt-in to this action;

b.     A declaratory judgment that Defendant has willfully and in bad faith violated the minimum wage provisions of the FLSA, and has deprived Plaintiff and the members of the class of their rights to such compensation;

c.     A declaratory judgment that the plaintiff and class members are employees, not independent contractors under both the FLSA and Illinois state law;

d.     Certification of a class pursuant to Fed. R. Civ. P. 23;

  e. An order requiring Defendants to provide a complete and accurate accounting of all the wages to which Plaintiff and members of the class are entitled;

  f. An award of monetary damages to Plaintiff and members of the class in the form of back pay for unpaid minimum wages, together with liquidated damages in an equal amount under the FLSA;

  g. An award of damages for all wages, and statutory damages of 2% per month pursuant to the formula set forth in the IMWL and IWPCA that are due to Plaintiff and members of the class because of their misclassification as independent contractors and failure to receive all wages due to them under the IMWL and IWPCA;

  h. An award of prejudgment interest on the unpaid wages in accordance with 815 Ill. Comp. Stat. 205/2;

  i. Attorneys' fees and costs; and

  j. Such further relief as the Court deems just and proper.

Dated: July 11, 2018      Respectfully submitted,

              PAULINA WISNIEWSKA, individually and on behalf of all others similarly-situated,

               /s/ James Rogers
              *One of Plaintiffs' Attorneys*

| | |
|---|---|
| Shannon Liss-Riordan | Marc J. Siegel, IARDC No. 06238100 |
|  *pro hac vice anticipated* | Bradley Manewith, IARDC No. 06280535 |
| Adelaide Pagano | James D. Rogers, IARDC No. 06324570 |
|  *pro hac vice anticipated* | SIEGEL & DOLAN LTD. |
| LICHTEN & LISS-RIORDAN, P.C. | 150 North Wacker Drive, Suite 1100 |
| 729 Boylston Street, Suite 2000 | Chicago, IL 60606 |
| Boston, MA 02116 | Tel. (312) 878-3210 |
| Tel. (617) 994-5800 | Fax (312) 878-3211 |
| Fax (617) 993-5801 | bmanewith@msiegellaw.com |
| sliss@llrlaw.com | msiegel@msiegellaw.com |
| apagano@llrlaw.com | jrogers@msiegellaw.com |